**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTINA M. DIETERLY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.   20-902** |
| | : | |
| **BOY SCOUTS OF AMERICA, et al.** | : | |

## <u>MEMORANDUM</u>

**SCHMEHL, J. /s/ JLS**                                          **JUNE 24, 2020**

      Plaintiff originally filed this personal injury tort action in the Court of Common Pleas of Philadelphia County ("Common Pleas Court action") on August 9, 2019. The Complaint alleges, *inter alia*, that the Plaintiff, as a minor, was the victim of a sexual assault by Defendant Michael Forbes, a boy scout leader, and that the other Defendants knew about Forbes' propensity for sexually abusing children but intentionally concealed it from the Plaintiff and others. This case is one of approximately 290 such cases pending in state and federal courts throughout the country.

      The Complaint consists of seven state law claims. Plaintiff does not assert a single federal claim. The Common Pleas Court has ruled on several motions filed by the parties. The Defendants have filed Answers to the Complaint and some limited discovery has taken place. The Common Pleas Court has also entered a case management order designating this case as complex. The case management order also contains, *inter alia*, deadlines for further motions as well as dates for pretrial and settlement conferences and trial.

      On February 18, 2020, Defendant Boy Scouts of America ("BSA") filed a Petition for Bankruptcy under Chapter 11 in the United States Bankruptcy Court for the

District of Delaware. As a result, all actions against the BSA were stayed under the automatic stay provision of 11 U.S.C. § 362(a). Also, on that date, the BSA filed a Motion for Preliminary Injunction in the Bankruptcy Court pursuant to 11 U.S.C. §§ 105(a) and 362, seeking a preliminary injunction over certain actions pending around the country, including this action, against certain non-debtor co-defendants, including Defendant Cradle of Liberty Council ("CLC").

On that same day, BSA removed the Common Pleas Court action to this Court pursuant to 28 U.S.C. § 1452(a). None of the other three Defendants joined in the removal petition. BSA also filed a Motion to Transfer Venue pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b) with the United States District Court for the District of Delaware, seeking the transfer of all pending cases against the BSA to that Court.

On March 16, 2020, the Plaintiff filed a motion with this Court to remand this matter to the Court of Common Pleas of Philadelphia County.

On March 24, 2020, the Bankruptcy Court held a hearing on BSA's Motion for a Preliminary Injunction. On March 30, 2020, the Bankruptcy Court entered a Consent Order pursuant to 11 U.S.C. §§ 105(a) and 362 granting the BSA's Motion for a Preliminary Injunction. The Consent Order immediately stayed any further proceedings against Defendant Cradle of Liberty Council (CLC) through and including May 18, 2020, subject to extension by the Bankruptcy Court. On May 18, 2020, the Consent Order was extended through June 8, 2020. On June 9, 2020, the Consent Order was extended through November 16, 2020.

On March 30, 2020, the Plaintiff filed a response in support of her motion to remand this case to the Common Pleas Court. During a conference call with the Court,

counsel for the BSA and CLC stated that neither Defendant intended to file a response to the Plaintiff's motion to remand or to Plaintiff's additional memorandum in support thereof. For the reasons that follow, the motion to remand is granted.

Plaintiff seeks to have this case remanded based on the principles of permissive abstention pursuant to 28 U.S.C.§1334(c)(2) and/or equitable remand pursuant to 28 U.S.C. §1452(b). During the conference call with the Court, counsel for BSA and CLC argued that the automatic stay provisions of 11 U.S.C. § 362 preclude this Court from taking any action in this matter, including remanding the case to state court. The Court does not agree.

The bankruptcy code provides that the filing of a petition for bankruptcy "operates as a stay" of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

By its terms, therefore, the automatic stay applies to any (i) continuation of (ii) any action or proceeding commenced before the commencement of the bankruptcy proceedings. As there is no doubt that the Common Pleas Court action was commenced before Defendant BSA filed for bankruptcy, the sole question presented is whether a federal court's remand of the case to state court constitutes a barred "continuation" of the action.

A remand pursuant to 28 U.S.C. § 1452(b) simply does not constitute "commencement or continuation" of an action because the Court is not expressing an opinion as to the merits of Plaintiff's claim and a remand does not affect the substantive rights of any party. Instead, a remand simply sends the case back to the proper court, which can promptly enter a stay. Indeed, the great weight of authority has held that a remand does not violate the automatic stay provision of 11 U.S.C. § 362(a). See, e.g., *In re Cashco*, 598 B.R. 9 (Bankr. D.N.M. 2019); Ward *v. Reinheimer*, 13–3174, 2014 WL 346646, at *1 (D. Md. Jan. 28, 2014) (holding that remand does not violate automatic stay provision); *Schaffer v. Atlantic Broad. of Lindwood NJ Ltd. Liab. Co.*, 10–5449, 2011 WL 1884734, at *4 (D.N.J. May 17, 2011) (same); *Evans v. Anderson*, 09–5227, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."); *Hudgens v. Deer Valley Home Builders, Inc.*, 1:09–417, 2009 WL 2878052, at *2 (finding that the automatic stay did not bar remand and citing cases); *Price v. Chrysler LLC*, 4:09–cv–232, 2009 WL 2208298, at *1 (E.D. Mo. July 23, 2009) ("A ruling on the motion for remand to state court will not disrupt the order of creditors in bankruptcy, or interrupt the breathing period afforded to the Defendant."); *Gallaher v. Waving Leaves, Inc.*, 5:050cv6, 2006 WL 898130, at *2 (N.D.W.V. Apr. 5, 2006) (remanding case despite stay where subject matter jurisdiction was lacking due to defendant's failure to prove an adequate amount in controversy); *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1333 (M.D. Fla.2003) (holding that the automatic stay "does not leave this court helpless to remand an improperly removed action" (internal quotation omitted)); *County of Cook v. Mellon*

*Stuart Co.*, 812 F. Supp. 793, 798 n. 3 (N.D.Ill.1992) (holding that the stay "do[es] not prevent this court from remanding an improperly removed action"); *Verizon Commc'ns, Inc. v. Northpoint Commc'ns Grp., Inc.*, 262 B.R. 891, 893 (D.Del.2001) (remanding lawsuit notwithstanding automatic stay when defendant removed case after Chapter 11 filing).

Based on this authority, the Court concludes it has the authority to consider Plaintiff's motion to remand, despite the automatic stay in force against BSA and the Consent Order entered by the Bankruptcy Court on further actions against Defendant CLC.

In its Notice of Removal, the BSA also requests that, at the very least, this Court hold the motion to remand in abeyance, pending a ruling by the District Court in Delaware on the Motion to Transfer all the cases against the BSA to the District of Delaware. *See, e.g.*, *A.A. v. Society of* Jesus, 2009 WL 10676663, at *2 (W.D. Wash. 2009).

However, at least two recent decisions have found that a district court, exercising its role as jurisdictional gatekeeper, should decide both whether removal was proper in the first place as well as any pending motion to remand even though a nationwide motion to transfer venue pursuant to 28 U.S.C. § 157(b)(5) is pending[1]. *See, e.g.*, *In re Eight Adversary Proceedings Removed from State Court by Johnson & Johnson,* 603 B.R. 849, 852 (Bankr. S.D. Fla. July 2, 2019); *In re Johnson & Johnson*,

---

[1] 28 U.S.C. § 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

2019 WL 2497856, at *3 (S.D.N.Y. June 4, 2019). Therefore, the Court will consider the Plaintiff's motion to remand.

Plaintiff argues that the case should be remanded to the Common Pleas Court based on the doctrines of permissive abstention under 28 U.S.C. § 1334(c)(1) and/or equitable remand under 28 U.S.C. § 1452(b).[2] The analysis under both doctrines is essentially the same. *See generally Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 548 (S.D. W.Va. 2004) ("[I]t has been noted that virtually the same factors supporting abstention under § 1334(c) support equitable remand under § 1452(b)."); *In re Trans-Service Logistics, Inc.*, 304 B.R. 809, 813 (Bankr. S.D. Ohio 2004) (equitable remand under section 1452(b) "involves many of the considerations relevant to discretionary abstention" under section 1334(c)(1)).

Under 28 U.S.C. § 1452(a), a party may remove any claim or cause of action to the district court as long as the district court has jurisdiction under 28 U.S.C. § 1334(b). In other words, section 1452(a) allows for the removal of claims "related to" a bankruptcy even if those claims would not otherwise be subject to federal jurisdiction.[3] Under 28 U.S.C. § 1452(b), the district court may remand such removed claim or cause of action "on any equitable ground." A decision to grant or deny remand is not reviewable by the court of appeals. See 28 U.S.C. § 1452(b).

Courts have broad discretion in remanding cases. See *In re Grace Community, Inc.*, 262 B.R. 625, 2001 WL 589462 (Bankr. E.D. Pa. 2001). In

---

[2] The Plaintiff concedes that the doctrine of mandatory abstention under 28 U.S.C. § 1334(c)(2) is not applicable here since this is a "non-core" personal injury action. *See* 28 U.S.C. § 157(b)(4)("[n]on-core proceedings under section 157(b)(2)(B) of Title 28, United States Code, shall not be subject to the mandatory abstention provision of section 1334(c)(2).")

[3] The Plaintiff concedes that this matter was properly removed by the BSA, as the causes of action are "related to" the Chapter 11 case. See 28 U.S.C. § 157(c)(1).

determining whether to grant remand on any equitable ground, most courts have been
guided by the following seven factor test: (1) the effect on the efficient administration of
the bankruptcy estate, (2) the extent to which issues of state law predominate, (3) the
difficulty or unsettled nature of the applicable state law, (4) comity, (5) the degree of
relatedness or remoteness of the proceeding to the main bankruptcy case, (6) the
existence of a right to a jury trial, and (7) prejudice to the involuntarily removed [parties].
See, e.g., *Id.*, 262 B.R. 625, 2001 WL 589462, at n.6 (collecting cases); *In re RBGSC
Inv. Corp.*, 253 B.R. 369, 381-82 (E.D. Pa. 2000); *In re Raymark Industries, Inc.*, 238
B.R. 295, 299 (Bankr. E.D. Pa. 1999) (collecting cases).

       As noted above, all seven of Plaintiff's claims in this action arise under
Pennsylvania law. None are federal or bankruptcy claims. Nor is there complete
diversity between the parties.  Indeed, this case could not have been brought in federal
court at all were it not for BSA's bankruptcy filing. BSA has stated in its filings with the
Common Pleas Court that there are novel issues of Pennsylvania state law involved in
this case, namely whether Boy Scout volunteers such as Defendant Michael Forbes are
employees, agents or servants of the BSA and CLC. The Common Pleas Court has
greater expertise than this Court in resolving these types of issues. Therefore,
consideration of comity dictates that the case belongs in the Common Pleas Court.
Moreover, the litigation had been pending in the Common Pleas Court for approximately
six months before its removal. The state court has already ruled on several motions and
has set a case management order. As a result, the Common Pleas Court is more
familiar with the numerous legal and factual disputes implicated in the litigation than is
this Court. Also significant is the fact that Plaintiff chose the Common Pleas Court as

her forum. Finally, the Chapter 11 case has only recently commenced. Abstention/remand in favor of the Common Pleas Court would have limited effect upon the administration of the bankruptcy case. There is no indication that, aside from designating the case as complex, the Common Pleas Court will be not be able to dispose of this matter in a timely fashion or that its disposition of this case will cause any disruption to the orderly administration of the estate.

These factors, taken together, support permissive abstention and/or equitable remand. *See, e.g.*, *Shiboleth v. Yerushalmi*, 412 B.R. 113 (S.D.N.Y. 2009); *Stahl v. Stahl*, 2003 WL 22595288, at*4 (S.D.N.Y. November 7, 2003) (remand under § 1452 warranted because the litigation "involves exclusively matters of state law, and is one of several related actions over which a single State court judge has been presiding for many years. The State of New York has a strong interest in enforcing its laws, and there are no persuasive reasons not to allow it to do so."); *In re Wolf*, 2011 WL 4915841, at *2 (Bankr. D. Colo. Oct. 17, 2011); *In re Almonacy*, 2011 WL 13659 (Bankr. D.N.J. Jan. 4, 2011); *see also In re Morris*, 55 B.R. 615 (Bankr. N.D. Tex. 1985) (although litigation removed by the chapter 11 debtors included a constructive trust claim against them, which the court determined to be a core matter, remand was warranted where "substantial discovery" had been undertaken in state court and that court "had familiarized itself with the legal and factual issues to be determined.").

Once this matter is remanded, the Common Pleas Court should then stay the action against the BSA and CLC. It may be that once the District Court in Delaware decides the Motion to Transfer Venue, this case (as well as all the other cases pending nationwide) will ultimately end up in the District of Delaware. Until that time, however,

equity principles dictate that this case properly belongs in the Court of Common Pleas of Philadelphia County.